UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GLEN PLOURDE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:23-cv-00323-JAW |
| | ) | |
| BRIAN HIGGINS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO QUASH OR MODIFY SUBPOENA**

Plaintiff served a subpoena upon Defendant City of Bangor (the City) seeking the names of the city police officers who were at Plaintiff's residence on two dates in 2017. Plaintiff also requested the addresses of the officers for service of process. The City has moved to quash or modify the subpoena. (Motion to Quash, ECF No. 24.)

In its motion, the City also responded to the subpoena and provided most of the requested information. In its reply memorandum, the City represents that the City, its police department, and Officers Davis and Higgins are prepared to waive service of process. (Reply Memorandum at 2, ECF No. 28.) The City declined to provide the addresses of two former police officers.

Through the City's response to the subpoena and the willingness of all but one of the defendants to waive personal service largely resolve the issues presented by the motion to quash. The sole issue that remains is the City's objection to providing the addresses of two of its former police officers. One of the officers is a party to the case – Defendant Lewis. Although the other officer, Officer Gastia, is not currently a party to the case,

Plaintiff has filed a motion to amend the amended complaint to add Officer Gastia as a defendant. (Motion to Amend, ECF No. 29.)

The City's objection is based principally on its belief that the requested information is part of the officers' personnel files, which are confidential. The City also observes that because it does not update the information as to former employees, the City cannot confirm the officers' current addresses.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, among other factors, "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 45(d)(3)(A)(iii) provides that a court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies."

Under Maine law, the addresses of public employees are confidential. *See* 30-A M.R.S. § 2702(1)(B)(6)(3); 1 M.R.S. § 402(3)(O)(1). Because the information is confidential by statute, the Court will not require the City to provide Plaintiff with the addresses of its former police officers.

After consideration of the parties' written arguments and following a review of the record, the Court dismisses as moot a portion of the motion to quash and grants in part a portion of the motion. Because the City has provided the information and because certain defendants have agreed to waive service, the Court dismisses the motion as to the requests for the identity of the officers who appeared at his residence and the addresses of Defendants Higgins and Davis. In accordance with the City's representation in its reply

memorandum, the City, the City's police department, and Defendants Higgins and Davis shall file waivers of service. The Court grants the motion as to the request for the addresses of two of the police officers (Officers Lewis and Gastia). The City is not required to provide the addresses.[1]

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of July, 2024.

---

[1] The Court notes that Plaintiff is interested in the addresses to assist in serving the officers with the first amended complaint and summons. Plaintiff acknowledges that there is no need for him to have access to the addresses provided the Marshal's service can serve the officers. In the event the lack of the addresses is or becomes an impediment to service for the Marshal's service, the Court would consider an appropriate motion by Plaintiff to assist with service. Because Plaintiff has filed a motion to amend the amended complaint, which motion is opposed and is pending, the Court suggests that the issue of service of Defendant Lewis and potentially Officer Gastia be deferred until after the Court has ruled on the motion to amend.