UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GLEN PLOURDE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:23-cv-00323-JAW |
| | ) | |
| BANGOR POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO AMEND**

This matter is before the Court on Plaintiff's motion to amend his complaint. (Motion to Amend, ECF No. 50.) Defendants oppose the motion. (Response in Opposition to Motion to Amend, ECF No. 52.) Following review of the parties' arguments and the record, the Court grants the motion.

**PROCEDURAL BACKGROUND**

In August 2023, Plaintiff filed this action against the City of Bangor, the Bangor Police Department, and several of the department's officers. (Complaint, ECF No. 1.) On October 13, 2023, Defendants filed a motion to dismiss and moved to amend the motion to dismiss on October 31, 2023. (Motion to Dismiss, ECF No. 7; Motion to Amend Motion to Dismiss, ECF No. 8.)

Plaintiff filed an amended complaint on November 6, 2023. On November 16, 2023, Defendants filed a motion to dismiss Plaintiff's amended complaint. (Motion to Dismiss Amended Complaint, ECF No. 17.) Plaintiff moved to file a second amended complaint on March 22, 2024, (Motion to Amend Complaint, ECF No. 29), which motion

the Court granted on August 22, 2024.  (Order Granting Motion to Amend Complaint, ECF No. 45.)  On September 10, 2024, Plaintiff filed another motion to amend his complaint, which motion is the subject of this order.  (Motion to Amend Complaint, ECF No. 50.)  To prevent any confusion that might result from the multiple amendments and dispositive motions, on September 20, 2024, the Court dismissed without prejudice Defendants' motion to dismiss, which motion, the Court noted, may be renewed after the Court rules on the pending motion to amend.  (Order Dismissing Motions Without Prejudice, ECF No. 53.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(1) permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints.  However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint.  Fed. R. Civ. P. 15(a)(2).  In such a case, the court is to grant leave to amend "freely" when "justice so requires."  *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

## DISCUSSION

According to Plaintiff, the proposed modifications to the operative pleading do not alter his substantive claims or the relief he seeks.  Instead, Plaintiff maintains that the

modifications are in part designed to assert explicitly certain facts that are reasonably inferred from the allegations in the existing complaint. Defendants contend that the modifications are not necessary for Plaintiff to prosecute his claims and that Defendants should not be required to incur the increased expense of addressing another amended complaint.

Defendants' concerns regarding the procedural history of the case, which has included the filing of two amended complaints, and the costs associated with this litigation are not unreasonable. Through their motions to dismiss, Defendants have attempted to challenge Plaintiff's ability to proceed on his claims, but due partly to Plaintiff's prior requests to amend his complaint, Defendants have been practically unable to prosecute their motions. While the Court understands Defendants' concerns, because a scheduling order has not issued, because the proposed amendment does not modify the nature of the claims asserted, and because the Court discerns no prejudice to Defendants' ability to defend against Plaintiff's allegations, the Court will permit the amendment.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's motion to amend. Plaintiff shall file the amended complaint on or before November 4, 2025.

## NOTICE

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 25th day of October, 2024.