UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLEN PLOURDE, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>EDWIN LEWIS, et al., )<br>)<br>Defendants ) | 1:23-cv-00323-JAW |

**ORDER ON DEFENDANTS' MOTION TO STRIKE**

In this action, Plaintiff alleges the City of Bangor, the Bangor Police Department, and several Bangor Police Department Officers violated his state and federal constitutional rights. The matter is before the Court on Defendants' motion to strike Plaintiff's initial disclosures. (Motion, ECF No. 74.) Following review of the record and after consideration of the parties' arguments, the Court denies the motion.

### DISCUSSION

Defendants contend that Plaintiff's initial disclosures are insufficient because (a) Defendants cannot discern the relevance of certain witnesses identified in the disclosures, (b) Plaintiff failed to identify specific discoverable material in support of his claim, and (c) Plaintiff did not provide a meaningful damage computation.[1]

---

[1] The information to be included in the Initial Disclosures is set forth in Federal Rule of Civil Procedure 26(a)(1)(A) as follows:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claim or defenses, unless the use would be solely for impeachment;

Plaintiff argues the Court should not consider Defendants' request because Defendants did not comply with District of Maine Local Rule 26, which requires a party to confer with the opposing party regarding any discovery dispute and to obtain leave of court before filing a discovery-related motion. Plaintiff further contends that the relief Defendants seek is not available because parties' initial disclosures are not filed on the docket and, therefore, there is nothing for the Court to strike. Plaintiff also explains the bases for his initial disclosures and expresses a willingness to confer with Defendants to address their concerns.

Rule 26(b) of the Local Rules of the United States District Court for the District of Maine provides in relevant part:

> No written discovery motions shall be filed without the prior approval of a judicial officer. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party shall then seek a prompt hearing with a judicial officer by telephone or in person.

(D. Me. Loc. R. 26(b)). Defendants' challenge to the sufficiency of Plaintiff's initial disclosures constitutes a discovery motion for which leave of court is required, which is

---

(ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse for payments made to satisfy the judgment.

typically not granted unless the parties first confer as required by the Rule. Because Defendants did not obtain leave of Court to file the motion, Defendants' motion fails.

Even if the Court considered the merits of the motion, the Court would deny the motion. Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Initial disclosures are not pleadings and, therefore, Defendants are not entitled to the relief they seek. *See* Fed. R. Civ. P. 7; *Scheinman v. Glass & Braus*, No. 3:18-cv-1551 (SRU), 2019 WL 4193420, at *2 (D. Conn. Sept. 4, 2019) (denying motion to strike portions of a party's initial disclosures because "Initial Disclosures are not pleadings.").

## CONCLUSION

Based on the foregoing analysis, the Court denies Defendants' motion to strike Plaintiff's initial disclosures.[2]

## NOTICE

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of April, 2025.

---

[2] This order shall not be construed to comment on the sufficiency of Plaintiff's initial disclosures. If Defendants have concerns about the initial disclosures after consultation with Plaintiff in accordance with Local Rule 26, Defendants may request a discovery conference as contemplated by the Rule.