UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLEN PLOURDE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:23-cv-00323-JAW |
| | ) |
| EDWIN LEWIS, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON PENDING MOTIONS**

Following a hearing on the pending motions in this matter, and after consideration of the parties' arguments, I find and order as follows:

**A.    Plaintiff's Motion for Order Compelling Disclosure and Discovery (ECF No. 80)**

Plaintiff contends that Defendants' initial disclosure does not comply with the requirements of Federal Rule of Civil Procedure 26(a). Plaintiff maintains that Defendants have not provided him with contact information as to some of the potential witnesses nor produced all the relevant documents in Defendants' possession. As to the documents, in the initial disclosure, Defendants asserted that the documents were "previously provided." The documents to which Defendants refer are the police reports of the two incidents that are the subject of Plaintiff's complaint. I am satisfied that Defendants have produced the documents to Plaintiff.

The hearing revealed that Defendants have relevant statements from Plaintiff's mother and the manager of the apartment building in which the incidents occurred. I do not understand Defendants to assert any privilege as to the documents and, in any event,

Defendants have not established that a privilege applies. *See In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 69 (1st Cir. 2011) (The party asserting a privilege to withhold documents responsive to a legitimate discovery request bears the burden of demonstrating the applicability of the privilege.). Defendants, therefore, must produce the statements.

As to the contact information, some of Plaintiff's concerns promote form over substance. For instance, Plaintiff objects to Defendants' failure to provide contact information regarding Defendants' disclosure of "Bangor Police Department, Chief Mark Hathaway." Plaintiff presumably knows how to contact the Bangor Police Department. Two disclosures, however, warrant supplementation. Defendants listed "City of Bangor, Official" and the apartment manager as potential witnesses. Plaintiff is entitled to the contact information for the two witnesses.

I grant in part Plaintiff's motion. Within 10 days of the date of this order, Defendants shall supplement their initial disclosure to provide the information contemplated by Rule 26(a) as to the apartment manager and the city official referenced in Defendants' initial disclosure. Defendants shall also provide Plaintiff with the statements of Plaintiff's mother and the apartment manager.

**B.    Plaintiff's Motion to Amend Scheduling Order (ECF No. 84)**

Plaintiff asks the Court to extend the deadline for the amendment of pleadings and joinder of parties. Plaintiff argues that additional discovery could reveal the need for an amendment. I discern no reason to extend the deadline based on the possibility of an amendment. If Plaintiff learns of information during discovery that Plaintiff believes would support an amendment, Plaintiff can move to amend at that time. The law does not

prohibit an amendment beyond the deadline provided the moving party can demonstrate good cause for the requested amendment. I deny Plaintiff's motion to amend the scheduling order.

C.  **Plaintiff's Motion to Amend Complaint (ECF No. 89)**

Citing concerns about my analysis in the Recommended Decision on Defendants' motion to dismiss, Plaintiff seeks to amend his complaint. Plaintiff apparently filed the motion in part as a contingency depending on how the Court rules on his objection to the Recommended Decision. He also proposes some "minor changes to his operative pleading" that are designed to reiterate or underscore allegations he believes I disregarded in the Recommended Decision. (Motion at 3-5.) Plaintiff evidently offers the amendments to provide further support for his due process claims.

As to Plaintiff's concern that I might have disregarded some of the allegations in Plaintiff's operative pleading, when assessing Plaintiff's objection to the Recommended Decision, the District Judge will determine whether I properly considered all of Plaintiff's allegations. Furthermore, Plaintiff's proposed allegations include no additional facts. The allegations that Plaintiff seeks to add can fairly be characterized as conclusory statements. *See* Plaintiff's Motion ¶¶ 7(a-e) ("Plaintiff finds that a reasonable person would find the actions of the Officers, as listed above, to be conscious shocking as well as extreme and egregious, uncivilized, intolerable, and stunning.") Conclusory allegations are not sufficient to sustain a claim. *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (To be actionable, a complaint cannot consist of entirely "conclusory allegations that merely parrot the relevant legal standard."). Plaintiff's proposed amendments would not

cure any deficiency of the operative pleading. Plaintiff's motion, therefore, is denied as futile. *See Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993) ("[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend.").

**D.    Plaintiff's Motion for Leave to File Motion to Compel (ECF No. 101)**

Plaintiff seeks leave to file a motion to compel discovery responses without attempting to resolve the discovery issues in accordance with District of Maine Local Rule 26(b). While I understand that communication between the parties has been challenging at times, I am not convinced that an exception to the requirement that the parties must attempt to resolve any discovery issues before a motion is authorized is warranted. If Plaintiff has concerns about Defendants' responses to his discovery requests, Plaintiff shall communicate the concerns in writing to Defendants' counsel. Defendants' counsel shall respond to Plaintiff in writing. If the parties are unable to resolve any differences through that process, the parties may request a conference with the Court in accordance with Local Rule 26. If a party requests a conference, the party shall attach to the request copies of the parties' written communications regarding the discovery issues.

I deny without prejudice Plaintiff's motion for leave to file a motion to compel.

**E.    Defendants' Motion for Sanctions (ECF No. 103)**

Defendants move for sanctions based on Plaintiff's failure to attend his scheduled deposition. The record reflects that Plaintiff informed Defendants' counsel of his concerns about attending the deposition. While Plaintiff did not explicitly state that he did not intend to appear for the deposition, upon review of Plaintiff's March 25, 2025, letter to

4

Defendants' counsel advising that he intended to request a protective order, Plaintiff could reasonably believe that he had taken the necessary steps to advise Defendants that he objected to and did not intend to appear for the scheduled deposition. That is, regardless of the merit of any request for a protective order that Plaintiff might file, Plaintiff's letter represents Plaintiff's reasonable attempt to notify Defendants of his intention not to attend the deposition. Under the circumstances, I am not persuaded an order of sanctions is warranted. I deny Defendants' motion for sanctions.

### F.     Plaintiff's Motion for Protective Order (ECF No. 106)

Plaintiff asks the Court for a protective order that would prevent Defendants from conducting his in-person deposition. In support of his request, Plaintiff contends that Defendants' counsel has been "highly unprofessional and abusive outside the Court." (Motion at 1.) Plaintiff believes that the deposition is designed to "annoy, harass, intimidate, and embarrass" him. (Motion at 6.) Plaintiff maintains that as a pro se litigant, he is not equipped to defend against any discovery abuses that might occur during the deposition.

Generally, a party is entitled to conduct the deposition of an opposing party. *See* Fed. R. Civ. P. 26(a) ("A party may, by oral questions, depose any person, including a party, without leave of court.") Although a person from whom discovery is requested may seek a protective order in accordance with Federal Rule of Civil Procedure 26(c), and although I recognize that the relationship between Plaintiff and Defendants' counsel has presented challenges and frustrations for both parties, I discern no basis for a protective order that would prevent Defendants from conducting Plaintiff's deposition. Nevertheless,

the parties' filings and presentations at the hearing generate a concern regarding the ability of the parties to complete the deposition without some judicial oversight.

I deny Plaintiff's motion for a protective order to prevent Defendants from conducting Plaintiff's deposition. Defendants may conduct Plaintiff's deposition in accordance with the applicable federal and local rules of procedure. I will conduct a telephonic conference with Plaintiff and Defendants' counsel on August 19, 2025, at 11:00 a.m. to address the arrangements for Plaintiff's deposition. In advance of the conference, the clerk will provide the parties with the information necessary to join the conference.

## **NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of August, 2025.