UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLEN PLOURDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00323-JAW |
| | ) |
| EDWIN LEWIS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AFFIRMING IN PART AND REJECTING IN PART RECOMMENDED DECISION**

The court affirms in part and rejects in part the Magistrate Judge's recommended decision to dismiss plaintiff's third amended complaint against municipal defendants. Although the court affirms most of the Magistrate Judge's recommended decision, it does not dismiss plaintiff's counts alleging a violation of due process, because the movants did not move for dismissal of the due process claims and the Magistrate Judge did not expressly rule on their merits. The court otherwise affirms the recommended decision, including dismissal of all claims against the city and police department, the equal protection claims against the individual defendants, and the magistrate judge's recommendations as to plaintiff's other objections.

**I.   BACKGROUND**

    **A.   The Facts Alleged in the Third Amended Complaint**

On November 12, 2024, Glen Plourde filed a third amended complaint against the city of Bangor, Maine, its Police Department, and several Bangor Police Department Officers, alleging that on August 21, 2017, during severe overheating in

his apartment, Mr. Plourde was napping naked on the floor of his apartment, when the officers entered his apartment without a search or arrest warrant or his permission and forced him to stand up, naked, put his arms above his head, and rotate in circles, while onlookers standing outside observed his humiliation. *Third Am. Compl.* ¶¶ 1-53 (ECF No. 58). The Officers ultimately left his apartment. *Id.* ¶ 42.

Mr. Plourde's third amended complaint also alleges on September 8, 2017, Bangor Police Officers returned to his apartment, tried the front door and a window and found them locked.[1] *Id.* ¶¶ 54, 57. Mr. Plourde says that the Bangor Police Officers began banging on his door and ringing his doorbell ceaselessly for approximately ten minutes. *Id.* ¶¶ 58-60. When Mr. Plourde did not respond, he alleges that the Officers moved to the area outside his bedroom window, and one of the Officers stuck his hands through a crack at the top of the window, forced down the top windowpane, reached into the apartment, and moved a cardboard box to one side. *Id.* ¶ 69. This enabled the Officer to look inside Mr. Plourde's bedroom. *Id.* ¶ 70. Mr. Plourde left his bedroom and entered his living room without being seen by the Officer. *Id.* ¶¶ 71-72. The Officer then returned to the front door, changed his tone, and began speaking in a condescending manner to convince Mr. Plourde to open the door and speak with him. *Id.* ¶¶ 73-74. Mr. Plourde grew furious and confronted the Officer about their authority to come to his apartment and harass him. *Id.* ¶ 76. None of the Officers cited any authority for their actions. *Id.* ¶ 77. Instead, one of

---

[1] In his objection, Mr. Plourde protests of two "glaring omissions" in the Magistrate Judge's recounting of the events of September 8, 2017. *Pl.'s Obj. to Magistrate Nivison's 03/20/35 Recommended Decision on Mot. to Dismiss (ECF 79)* at 1 (ECF No. 91) (*Pl.'s Obj.*). The Court has incorporated and considered these two facts in its factual recitation.

the Officers continued to demand that Mr. Plourde step into view of the bedroom window so that he could inspect Mr. Plourde. *Id.* ¶ 78. Ultimately, the Officers returned to their vehicles and left, saying loudly, "Well, he knows his Maine law!" and "I guess I'll be seeing you – but not in this Country!" *Id.* ¶¶ 79-82.

### B.     The Theories of Action Alleged in the Third Amended Complaint

In his Third Amended Complaint, Mr. Plourde sets forth six counts: (1) Count One – 42 U.S.C. § 1983 – deprivation of United States constitutional rights, including Fourth Amendment rights; (2) Count Two – 5 M.R.S. § 4682 – deprivation of United States constitutional rights, including Fourth Amendment rights; (3) Count Three – 5 M.R.S. § 4682 – deprivation of Maine constitutional rights, including Article 1, section 5; (4) Count Four – 42 U.S.C. § 1983 – deprivation of United States constitutional rights, including equal access to and protection under the law and due process; (5) Count Five – 5 M.R.S. § 4682 – deprivation of United States constitutional rights, including Fourteenth Amendment rights, denial of equal access to and protection under the law and due process; and, (6) Count Six – 5 M.R.S. § 4682 – deprivation of Maine constitutional rights, including denial of equal access to and protection under the law and due process. *Third Am. Compl.* ¶¶ 111-164.

### C.     The Defendants' Motion to Dismiss

On December 12, 2024, Defendants moved to dismiss Mr. Plourde's Third Amended Complaint in its entirety. *All Bangor Defs.' Jt. Mot. to Dismiss Pl. Glen Plourde's Third Am. Compl.* (ECF No. 62) (*Defs.' Mot. to Dismiss*). Regarding Counts Four, Five and Six, Defendants focused their argument on Mr. Plourde's failure to

allege sufficient facts to state an equal protection violation. *Id*. at 11. Defendants did not mention Mr. Plourde's due process claims in Counts Four, Five and Six. *Id*. at 1-15. On January 13, 2025, Mr. Plourde filed his opposition to Defendants' motion to dismiss. *Pl.'s Opp'n to Defs.' 12/12/24 Mot. to Dismiss* (ECF No. 65) (*Pl.'s Opp'n*). On January 24, 2025, the defendants filed their reply, and the Magistrate Judge took the motion to dismiss under advisement that same day. *All Bangor Defs.' Jt. Reply to Pl. Glen Plourde's Resp. in Opp'n to Mot. to Dismiss Pl.'s Third Am. Compl.* (ECF No. 70) (*Defs.' Reply*).

### D. The Recommended Decision

On March 10, 2025, the Magistrate Judge issued his recommended decision, recommending the Court grant Defendants' motion to dismiss all claims against the city of Bangor and the Bangor Police Department. As to the individual defendants, the Magistrate Judge recommended that the Court grant the motion on Counts Four, Five, and Six and deny the motion on Counts One, Two, and Three. *Recommended Decision on Mot. to Dismiss* at 18-19 (ECF No. 79) (*Recommended Decision*).

### E. Glen Plourde's Objection

On April 3, 2025, Mr. Plourde objected to the Magistrate Judge's recommended decision. *Pl.'s Obj*. Mr. Plourde raised several objections, but the Court focuses on his argument that his violation of due process claims in Counts Four, Five, and Six should survive the motion to dismiss, because they were never argued by Defendants and never addressed by the Magistrate Judge. *Id*. at 3-7. Defendants did not file a response before the April 17, 2025 deadline.

## II. DISCUSSION

### A. The Due Process Claim in Counts Four, Five, and Six

The Court agrees with Mr. Plourde on the narrow issue that his due process claims in Counts Four, Five, and Six survive Defendants' motion to dismiss. First, the Court easily concludes that Mr. Plourde asserted a violation of due process in Counts Four, Five and Six of his Third Amended Complaint. In paragraph 47, Mr. Plourde alleged in pertinent part:

> The Plaintiff therefore states that his United States Constitutional Rights (*inter alia*, his Fourth and Fourteenth Amendment Rights) have been violated by the defendants named above during this encounter for the Facts listed above and those listed below in this paragraph. . . .
>
> Furthermore, the Plaintiff finds that a reasonable person would find the actions of the Officers, as listed above, to be conscious shocking as well as extreme and egregious, uncivilized, intolerable, and stunning, and the Plaintiff therefore states that his rights to due process have been violated by the defendants as well.

*Third Am. Compl.* ¶ 47. Mr. Plourde repeats these same allegations in paragraph 86. *Id.* ¶ 86. Moreover, in Counts Four, Five, and Six of his Third Amended Complaint, Mr. Plourde demands judgment for in part alleged violations of his due process rights. *Id.* ¶¶ 138-64.

Second, Defendants did not move to dismiss the due process allegations in Counts Four, Five, and Six. *Defs.' Mot. to Dismiss* at 1-14. While Defendants clearly challenged the viability of the equal protection claims in those counts, they never addressed the due process claims. *Id.*

Third, in his recommended decision, the Magistrate Judge did not discuss the viability of the due process claims in Counts Four, Five, and Six, presumably because

Defendants were not moving for dismissal on those theories. *Recommended Decision* at 1-19. In fact, there is a suggestion that the Magistrate Judge viewed Counts Four, Five, and Six to assert only equal protection claims. In the conclusion he wrote:

> Based on the foregoing, I recommend the Court grant Defendants' motion to dismiss as to all claims against the City of Bangor and the Bangor Police Department, and as to individual defendants on Counts IV, V, and VI (<u>equal protection claims</u>).

*Id.* at 18 (emphasis supplied).

As the motion to dismiss did not request dismissal of the due process claims in Counts Four, Five, and Six and the Magistrate Judge's recommended decision did not recommend dismissal of the due process claims in those counts, to the extent the Magistrate Judge's decision recommends full dismissal of each of those counts, the Court rejects the recommended decision and determines that Counts Four, Five, and Six are still viable counts but only insofar as they allege violations of Mr. Plourde's due process rights.

### B.  Qualified Immunity

Mr. Plourde also objects to the Magistrate Judge's recommended decision on the issue of qualified immunity, *Pl.'s Obj.* at 7-11, but because the facts underlying the qualified immunity defense are disputed, the Magistrate Judge declined to grant the motion to dismiss on that basis. *Recommended Decision* at 15-17. Mr. Plourde presents no basis for the Court to overrule this portion of the recommended decision.

### C.  Insufficient Process and Insufficient Service of Process

In their motion to dismiss, Defendants allege they have "no record of service attempts." *Defs.' Mot. to Dismiss* at 13. In his opposition, Mr. Plourde explains his

6

efforts at service and asks for the Court's assistance to the extent any defendant has not been served. *Pl.'s Opp'n* at 26-32. In the recommended decision, the Magistrate Judge recommended that the Court extend the time for service on any individual defendant who has not yet been served. *Recommended Decision* at 19, n.8.

The Court is puzzled about the question of service of process. The case has been pending since August 18, 2023, and Attorney Costlow has moved to dismiss on behalf of all defendants. As the Magistrate Judge pointed out, all of this "suggests a lack of prejudice to the defendants if the Court were to allow Plaintiff more time to serve the defendants." *Id.* The Court accepts the Magistrate Judge's recommendation and ORDERS that Mr. Plourde be given an additional sixty days to complete service on any unserved individual defendant. If Mr. Plourde has difficulty effecting service within this additional time, he may file an appropriate motion with the Court and seek a conference of counsel with the Magistrate Judge.[2]

### D.    Remaining Objections

The Court reviewed de novo Mr. Plourde's remaining objections — the dismissal of his equal protection claims in Counts Four, Five, and Six, the dismissal of the city of Bangor and the Bangor Police Department as defendants, the timeliness of Defendants' Rule 12(b)(6) motion, and the dismissal of Mr. Plourde's motion to strike — and affirms the Magistrate Judge's recommended decision on each.

---

[2] This strikes the Court as an unnecessary controversy. Alternatively, if Attorney Costlow has the authority to do so, he could accept service on behalf of the defendants and obviate the issue.

## III.  CONCLUSION

The Court AFFIRMS in part and REJECTS in part the Magistrate Judge's Recommended Decision on Motion to Dismiss (ECF No. 79) and GRANTS in part and DISMISSES in part All Bangor Defendants' Motion to Dismiss Plaintiff Glen Plourde's Third Amended Complaint (ECF No. 62).  Specifically, the Court DISMISSES all claims against the city of Bangor and the Bangor Police Department.  As to the individual defendants, the Court DISMISSES Defendants' Motion to Dismiss as to Counts One, Two, and Three.  As for Counts Four, Five, and Six against the individual defendants, the Court DISMISSES Plaintiff's equal protection claims but SUSTAINS Plaintiff's objection to the dismissal of Counts Four, Five, and Six insofar as those counts allege violations of the Plaintiff's rights to due process.  The Court DISMISSES Plaintiff's Motion to Dismiss (or Moot, Strike, etc.) Defendants' 12/12/2024 "Motion to Dismiss … Third Amended Complaint" (ECF No. 68).  Finally, the Court ORDERS Plaintiff be given an additional sixty days to complete service on any unserved individual defendant.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2025