UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GLEN PLOURDE,                        )
                                     )
            Plaintiff,               )
                                     )
    v.                               )        No. 1:23-cv-00323-JAW
                                     )
EDWIN LEWIS, et al.,                 )
                                     )
            Defendants.              )

**ORDER OVERRULING OBJECTIONS TO ORDER ON PENDING MOTIONS**

The court overrules the plaintiff's multiple objections to the magistrate judge's pretrial orders.

## I.    BACKGROUND

### A.    Procedural Background

On August 8, 2025, the United States Magistrate Judge issued an order on six motions pending in this case: (1) plaintiff's motion for order compelling disclosure and discovery (ECF No. 80); (2) plaintiff's motion to amend scheduling order (ECF No. 84); (3) plaintiff's motion to amend complaint (ECF No. 89); (4) plaintiff's motion for leave to file motion to compel (ECF No. 101); (5) defendants' motion for sanctions (ECF No. 103); and (6) plaintiff's motion for protective order (ECF No. 106). *Order on Pending Mots.* at 1-6 (ECF No. 124) (*Order*).  On August 29, 2025, Glen Plourde filed an objection to the Magistrate Judge's order, objecting to the order insofar as it ruled against him on his five motions.  *Pl.'s Obj. to Magistrate Nivison's 08/08/25 Recommended Order on Pending Mots. (ECF No. 124)* (ECF No. 129) (*Plourde Obj.*).  The Defendants have not objected to the Magistrate Judge's rejection

of their motion for sanctions, but on September 4, 2025, they responded to Mr. Plourde's objections. *All Defs.' Jt. Resp. in Opp'n to Pl. Glen Plourde's Obj. to Procedural Order (ECF 129)* (ECF No. 131) (*Defs.' Resp.*).

### B. The Magistrate Judge's August 8, 2025 Order and Glen Plourde's Objections

The Court separately describes each of Mr. Plourde's objections to the Magistrate Judge's order. Preliminarily, the Court notes that the Magistrate Judge held a hearing on the first four motions on July 9, 2025. *Min. Entry* (ECF No. 124).

#### 1. Glen Plourde's Motion for Order Compelling Disclosure and Discovery (ECF No. 80)

On March 10, 2025, Mr. Plourde filed a motion to compel disclosure and discovery. *Mot. for an Order Compelling Disclosure and Disc., pursuant to Fed. R. Civ. P. 37(a)* (ECF No. 80) (*Plourde's Disc. Mot.*). Mr. Plourde asked that the Defendants update their initial disclosure to include the contact information of all potential witnesses and to supply all relevant documents he alleges the Defendants had not provided to him. *Id.* at 2-3.

In his August 8, 2025 order, the Magistrate Judge ordered the Defendants to produce statements from Mr. Plourde's mother and the apartment manager. *Order* at 1-2. Regarding contact information, the Magistrate Judge observed that some contact information already supplied by the Defendants is self-explanatory, such as the contact information for the Bangor Police Department. *Id.* at 2. The Magistrate Judge determined, however, that the Defendants must produce contact information about the City of Bangor Official and the apartment manager, whom the Defendants listed as potential witnesses. *Id.*

In Mr. Plourde's objection, he says that the Defendants should have been required to supply contact information for all witnesses and that the Defendants have still failed to respond to the Magistrate Judge's order regarding the two witnesses' contact information. *Plourde Obj.* at 1-2.

>    **2.    Glen Plourde's Motion for Extension of Time to Amend Pleadings and Join Parties pursuant to [t]he Court's 02/14/25 Amended Scheduling Order (ECF No. 77) (ECF No. 84)**

On March 20, 2025, Mr. Plourde requested an order amending the scheduling order to provide him an additional sixty days to amend his complaint and join additional parties by May 30, 2025. *Mot. for Extension of Time to Am. Pleadings and Join Parties pursuant to [t]he Court's 02/14/25 Amended Scheduling Order (ECF No. 77) (ECF No. 84) (Plourde's Scheduling Order Mot.).* In his motion, Mr. Plourde worried that if the Defendants did not respond adequately to pending discovery requests or if they answered the requests in accordance with his anticipated schedule, he would not have time to move to amend his complaint or add parties for reasons to be revealed in the anticipated discovery. *Id.* at 1-2.

In his August 8, 2025 order, the Magistrate Judge declined to extend the deadline for amendment of pleadings and joinder of parties. *Order* at 2-3. The Magistrate Judge explained that if Mr. Plourde were to learn something in discovery that would support an amendment, he could move to amend the scheduling order at that time. *Id.* at 2. The Magistrate Judge indicated that when the moving party can demonstrate good cause for their suggested amendment, the law does not prohibit an amendment after the deadline. *Id.*

In his objection, Mr. Plourde complains that the current scheduling order is outdated and that the case is operating outside the current scheduling order. *Plourde Obj.* at 2. Mr. Plourde expresses concern that the discovery hearing he believes he is entitled to will never be held if the scheduling order is not modified. *Id.* at 2-3.

### 3.    Glen Plourde's Motion to Amend Complaint (ECF No. 89)

On March 31, 2025, Mr. Plourde moved to amend his complaint to submit a fourth amended complaint. *Pl.'s Mot. to Am. Compl.* at 1-6 (ECF No. 89) (*Plourde's Mot. to Am.*). Mr. Plourde claimed that although he has asserted Fourteenth Amendment substantive due process claims, the Magistrate Judge has "ignored" them. *Id.* at 1. Mr. Plourde sought to ensure that his claims that the Defendants' conduct should shock the conscience and be deemed extreme and egregious, uncivilized, intolerable, and stunning are clearly set forth in his complaint. *Id.* at 3. Because, in his view, the Court "seemingly ignored" his Fourteenth Amendment claims, his amendment separates his due process claims from his equal protection claims under both the United States and state of Maine constitutions. *Id.* at 4-6.

In his August 8, 2025 order, the Magistrate Judge pointed out that as to whether Mr. Plourde is correct that his Recommended Decision disregarded some allegations in Mr. Plourde's third amended complaint, this Court "will determine whether [the Magistrate Judge] properly considered all of the Plaintiff's allegations." *Order* at 3. Furthermore, the Magistrate Judge wrote, Mr. Plourde's proposed fourth amended complaint includes "no additional facts" and "conclusory allegations are not sufficient to state a claim. *Id.* Because Mr. Plourde's proposed amendments would

not "cure any deficiency in the operative pleadings," the Magistrate Judge denied the motion to amend as "futile." *Id.* at 3-4.

In his objection, Mr. Plourde disputes the Magistrate Judge's conclusion that he has not alleged sufficient facts to substantiate his due process rights, and he relates the pertinent facts in his objection. *Id.* at 3-7. Mr. Plourde stresses that he views this objection as well as his objection to deposition to be "by far his most important Objections and therefore prays [t]he Court treat them as such." *Plourde Obj.* at 3. Mr. Plourde writes that he objects "in the strongest possible terms" to the Magistrate Judge's order denying his motion to amend complaint, *id.*, and that he "cannot help but feel" that the Court is allowing him to proceed only on those counts that the Court "likes." *Id.* at 7.

> ### 4. Glen Plourde's Motion for Leave to File Motion to Compel pursuant to Fed. R. Civ. P. 37 and Loc. R. Civ.. P. 26(b), or a Discovery conference pursuant to Loc. R. Civ. P. 26(b) (ECF No. 101)

On May 1, 2025, Mr. Plourde filed a request for leave to file a motion to compel. *Pl.'s Req. for Leave to File a Mot. to Compel pursuant to Fed. R. Civ. P. 37 and Loc. R. Civ. P. 26(b), or a Disc. conf. pursuant to Loc. R. Civ. P. 26(b)* at 1-4 (ECF No. 101) (*Plourde's Second Disc. Mot.*). Mr. Plourde explained that he has attempted to confer with defense counsel regarding his discovery request but without success. *Id.* at 1. In fact, Mr. Plourde complained about the way Attorney Costlow has treated him and contended that Attorney Costlow has not conferred with him in good faith. *Id.* at 2. Mr. Plourde sought to avoid a discovery conference because he perceives himself at a

substantial disadvantage to Attorney Costlow. *Id.* at 3-4. Instead, he requested motion practice, where he is more comfortable. *Id.*

In his August 8, 2025 order, the Magistrate Judge observed that although communication between the parties has been "challenging," he was "not convinced that an exception to the requirement that the parties must attempt to resolve any discovery issues before a motion is authorized is warranted." *Order* at 4. At the same time, the Magistrate Judge invited the parties to consult in writing, and if they remain unable to resolve their disputes, they may request a conference with the Magistrate Judge. *Id.*

In his objection, Mr. Plourde disputes the Magistrate Judge's statement that he is seeking leave to file a motion to compel discovery responses without attempting to resolve the discovery issues in accordance with District of Maine Local Rule 26(b). *Plourde Obj.* at 7. Mr. Plourde insists that he has attempted to communicate with Attorney Costlow, but Attorney Costlow has refused to amend any answer. *Id.* Mr. Plourde rankles at the prospect of having to recreate documents as ordered by the Magistrate Judge at an August 19, 2025 proceeding. *Id.* at 8. Mr. Plourde acknowledges that he "perhaps accidentally and inappropriately" told the Magistrate Judge at the August 19, 2025 proceeding that he would not object to the Magistrate Judge's conditions. *Id.* In conclusion, Mr. Plourde says that he "does not object to [the Magistrate Judge's] finding to the extent [t]he Court is sensitive to the extra time and burden it places on the Plaintiff and allows a proper Discovery Hearing (or

6

Motion Practice) to take place once the additional documents ordered during the 08/19/25 Hearing are filed." *Id*. at 9.

### 5. Glen Plourde's Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c) (ECF No. 106)

On May 21, 2025, Mr. Plourde moved for a protective order. *Mot. for Protective Order pursuant to Fed. R. Civ. P. 26(c)* (ECF No. 106) (*Plourde's Mot. for Protective Order*). Citing examples of Attorney Costlow's allegedly "unprofessional and inexcusable annoying, harassing, intimidating, and abusive behavior," *id*. at 1-3, Mr. Plourde worried that Attorney Costlow will engage in the "same behavior during deposition." *Id*. at 3. Mr. Plourde also questioned why Attorney Costlow even needs to take his deposition, *id*. at 3-4, and Mr. Plourde objected to Attorney Costlow's demand that he produce his medical records for his entire life, his prescription records for the past ten years, and his court case history for the past ten years. *Id*. at 4. Confident that the Court will not require him to produce these records, Mr. Plourde expressed concern that Attorney Costlow would use his deposition to "harass, annoy, and/or embarrass the Plaintiff." *Id*. Mr. Plourde asked the Magistrate Judge to issue an order to protect him from having to attend a deposition. *Id*. at 5. Mr. Plourde was also concerned Attorney Costlow would make his deposition transcript available to third parties, including federal and state government agencies. *Id*. at 6-7.

In his August 8, 2025 order, the Magistrate Judge denied Mr. Plourde's request for a protective order. *Order* at 5-6. The Magistrate Judge ruled that the Defendants "may conduct Plaintiff's deposition in accordance with the applicable federal and local

rules of procedure." *Id*. at 6.  The Magistrate Judge scheduled a telephone conference for August 19, 2025 to address arrangements for the deposition.  *Id*.

Following the August 19, 2025 telephone conference, the Magistrate Judge issued a procedural order, addressing Mr. Plourde's deposition.  *Procedural Order* (ECF No. 127).  According to the order, Attorney Costlow will be allowed to take Mr. Plourde's deposition at the United States District Court in Bangor, Maine.  *Id*. at 1.  However, the Magistrate Judge made it clear that Mr. Plourde was intent upon objecting to the deposition and the denial of his request for protective order.  *Id*.  If his objection is overruled by the Court, the deposition will proceed, but if sustained, the deposition will be canceled.  *Id*.

On August 29, 2025, Mr. Plourde objected to the Magistrate Judge's procedural order, which ordered his deposition and denied his motion for protective order.  *Plourde Obj*. at 9-11.  In his objection, Mr. Plourde stresses that he views this objection and his objection to the dismissal of his due process claims "to be by far his most important Objections and therefore prays [t]he Court will treat them as such."  *Id*. at 9.  Mr. Plourde reiterates what he characterizes as Attorney Costlow's "Abusive Statements" and "Abusive Behavior."  *Id*. at 10.  Again, Mr. Plourde worries that Attorney Costlow will use the deposition as an "end run" around Mr. Plourde's refusal to produce medical and legal records.  *Id*.  Mr. Plourde draws no comfort from the Magistrate Judge's proposal to oversee the deposition, and he repeats his concern that Attorney Costlow will distribute the transcript to state and federal governments.  *Id*. at 9-10.

8

### 6.    The Defendants' Responses

The Defendants' response is highly critical of Mr. Plourde's handling of his pro se case. *Defs.' Resp.* at 1-6.  They say that "[a]t some point the level of Motion Practice, the continuous objections to everything, the voluminous discovery requests and appeals are simply unwarranted and way out of proportion with the facts which are largely undisputed."  *Id.* at 2.   The Defendants urge the Court to overrule Mr. Plourde's objections and to reject his aspersions against defense counsel.  *Id.* at 2-6.

### 7.    Glen Plourde's Reply

Mr. Plourde filed a reply on September 18, 2025.  *Pl.'s Reply to Def.'s 09/24/25 Opp'n (ECF 131) to Pl.'s 08/29/25 Obj. to Recommended Order on Pending Mots. (ECF 124)* (ECF No. 132).  Under District of Maine Local Rule 72(b) and (c), no reply is permitted to an objection to a magistrate judge's order on a nondispositive matter or recommended decision on a dispositive matter.  D. ME. LOC. R. 72(b), (c).  The Court does not consider Mr. Plourde's reply.

## II.    LEGAL STANDARD

By statute and rule, objections to a magistrate judge's order are divided into two categories: dispositive and nondispositive.  28 U.S.C. § 636; FED. R. CIV. P. 72. Rule 72(b)(1) refers to a dispositive motion as "a pretrial matter dispositive of a claim or defense."  FED. R. CIV. P. 72(b)(1).  For dispositive orders, magistrate judges make recommendation to the district judge and the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to[,]" FED. R. CIV. P. 72(b)(3); however, for non-dispositive orders, the district judge "must

consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). Other than certain motions enumerated in 28 U.S.C. § 636(b)(1)(A), none of which is before the Court now, the line between a dispositive and nondispositive order is usually clear. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 6 (1st Cir. 1999) (concluding that a monetary sanction is a nondispositive order).

Here, all the motions, except the motion to amend complaint, are nondispositive since they do not dispose of one of Mr. Plourde's claims. The possible exception is Mr. Plourde's motion to amend complaint. Usually, a magistrate judge's order denying a motion to amend complaint is deemed nondispositive and reviewed under the clearly erroneous and contrary to law rubrics. 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3068.2 (2014 ed.) ("For instance, motions . . . to add claims . . . generally were reviewed under Section 636(b)(1)(A)"). Recently, the district court in Maine ruled that a magistrate judge's "decision rejecting an objection of amendment on futility grounds is actually a dispositive motion since it entails an analysis of whether the proposed count can survive a motion to dismiss for failure to state a claim." *Gladu v. Magnusson*, No. 22-cv-00134-SDN, 2025 U.S. Dist. LEXIS 42339, at *18 (D. Me. Mar. 10, 2025) (quoting *Libby v. Webber Hosp. Ass'n*, No. 13-cv-00238, 2014 WL 12726045, at *1 (D. Me. Feb. 28, 2014)); *accord Allendale Mut. Ins. Co. v. Rutherford*, 178 F.R.D. 1, 2 (D. Me. 1998) (concluding that a magistrate judge order on a motion to amend an answer to assert a statute of limitations affirmative defense is entitled to de novo

review because the matter is dispositive of a defense of a party); *but see Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) ("A motion to amend complaint is a pretrial matter not dispositive of a claim or defense of a party within the purview of Fed. R. Civ. P. 72(a)") (internal quotation marks omitted); *see also Pew v. Scopino*, 904 F. Supp. 18, 34 (D. Me. 1995).

This analysis of the line between dispositive and nondispositive magistrate judge orders is consistent with First Circuit authority. In *ML-CFC 2007-6 Puerto Rico Properties, LLC v. BPP Retail Properties, LLC*, 951 F.3d 41 (1st Cir. 2020), the First Circuit cited with apparent approval out of circuit caselaw adopting a "functional analysis" of the motion's potential effect on litigation. *Id.* at 47-48 (quoting *Mitchell v. Valenzuela*, 791 F.3d 1166, 1168-69 (9th Cir. 2015) and *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514-15 (6th Cir. 2001)).

## III. DISCUSSION

### A. Glen Plourde's Motion to Amend Complaint

Applying the functional analysis to Mr. Plourde's motion to amend his complaint, the Court concludes first that it should perform a de novo review of the Magistrate Judge's order, since Mr. Plourde fears that the practical effect of the order would be to bar him from asserting a violation of due process claim. Upon review of this case, however, the Court affirms the recommended decision to deny the motion to amend complaint because, in this Court's view, the proposed amendment does not change the due process theory contained in Mr. Plourde's third amended complaint.

To begin, Mr. Plourde's third amended complaint contains two direct references to alleged violations of due process. In paragraph 47 of the third amended complaint, Mr. Plourde alleges in pertinent part:

> The Plaintiff therefore states that his United States Constitutional Rights (*inter alia*, his Fourth and Fourteenth Amendment Rights) have been violated by the defendants named above during this encounter for the Facts listed above and those listed below in this paragraph. . . .
>
> Furthermore, the Plaintiff finds that a reasonable person would find the actions of the Officers, as listed above, to be conscious shocking as well as extreme and egregious, uncivilized, intolerable, and stunning, and the Plaintiff therefore states that his rights to due process have been violated by the defendants as well.

*Third Am. Compl.* ¶ 47 (ECF No. 58). Mr. Plourde repeats these same allegations in paragraph 86. *Id.* ¶ 86. Moreover, in Counts Four, Five, and Six of his third amended complaint, Mr. Plourde demands judgment for in part alleged violations of his due process rights. *Id.* ¶¶ 138-64.

On December 12, 2024, Defendants filed a motion to dismiss Mr. Plourde's third amended complaint. *All Bangor Defs.' Jt. Mot. to Dismiss Pl. Glen Plourde's Third Amended Compl.* (ECF No. 62). In their motion, Defendants moved to dismiss Counts Four, Five, and Six because, in their view, Mr. Plourde failed to satisfy the legal requirements for an equal protection class of one claim. *Id.* at 11. Defendants did not refer to his due process claim. *Id.* On March 10, 2025, the Magistrate Judge recommended in part that this Court dismiss Counts Four, Five, and Six of the third amended complaint, which he characterized as equal protection claims. *Recommended Decision on Mot. to Dismiss* at 10-12, 18.

As Defendants in their motion to dismiss and the Magistrate Judge in his recommended decision did not mention his due process claim, Mr. Plourde determined that he should amend the third amended complaint to make certain that his due process violation claim was clearly delineated in the operative pleading. *Plourde Obj.* at 1-6. The proposed fourth amended complaint contains three additional counts that separate out Mr. Plourde's allegations of due process violations under the United States and Maine Constitutions (Counts Seven, Eight, and Nine). *Fourth Am. Compl.* at 29-33. In declining to grant the motion to amend the complaint, the Magistrate Judge noted that the "District Judge will determine whether I properly considered all of Plaintiff's allegations." *Recommended Decision* at 3. However, he concluded that because Mr. Plourde alleged no new facts and made only conclusory allegations that parrot the applicable legal standard, his motion to amend the complaint should be denied. *Id.*

The Court arrives at the same conclusion as the Magistrate Judge but for a different reason. There is no need to amend a complaint to state a theory of recovery that has already been stated. In other words, because his third amended complaint expressly alleges violations of his right to due process, there is no need for Mr. Plourde to amend his complaint a fourth time.

## B.     The Parties' Remaining Motions

The Court concludes that each remaining motion is nondispositive, and, therefore, the Court reviews the Magistrate Judge's orders on these motion under the "clearly erroneous or contrary to law" standard. *See* FED. R. CIV. P. 72(a); *ML-CFC*

*2007-6 P.R. Props.,* 951 F.3d at 45-49.  Under this more limited standard of review, this Court assesses the Magistrate Judge's orders by accepting "both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [the Court] "form[s] a strong, unyielding belief that a mistake has been made.'" *Phinney*, 199 F.3d at 4.  At the same time, the Court reviews issues of law de novo.  *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).  District courts typically refrain from "second guessing the magistrate judge's pre-trial discovery rulings." *Estates of Ungar v. Palestinian Auth.*, 325 F. Supp. 2d 15, 25-26 (D.R.I. 2004) (citation omitted), *aff'd on other grounds*, 402 F.3d 274 (1st Cir. 2005)).

The Court concludes that each of the orders Mr. Plourde objects to falls well within the Magistrate Judge's discretion and none is clearly erroneous or contains an error of law.  Regarding the first motion and order — Mr. Plourde's motion for order compelling disclosure and discovery (ECF No. 80) — the Magistrate Judge found that the Defendants had already produced some documents and therefore declined to order their reproduction and that the Defendants had failed to produce some documents and ordered their production.  *Order* at 1-2.  The Court does not understand what Mr. Plourde is objecting to about this order.  He complains that the Magistrate Judge required the Defendants to comply with Federal Rule of Civil Procedure 26(a)(1) only as to the City of Bangor and Apartment Manager Maria Mangino but does not suggest why the Magistrate Judge's conclusions were erroneous.  Mr. Plourde blankly asserts that the Defendants have still not complied with their Rule 26(a)(1) obligations, but he has not supplied the Defendants' discovery

14

responses that the Defendants provided in compliance with the Magistrate Judge's order, and therefore the Court has no basis for concluding that the Defendants have in fact failed to comply with the Magistrate Judge's order.

Regarding Mr. Plourde's objection to the Magistrate Judge's conclusion concerning the scheduling order, the Magistrate Judge rejected Mr. Plourde's request to amend the order because Mr. Plourde was speculating that something would turn up in discovery that could require the scheduling order to be extended. *Order* at 2-3. The Magistrate Judge invited Mr. Plourde to move if and when this additional discovery material turns up so long as he can demonstrate good cause. *Id.* There is nothing clearly erroneous or contrary to law about the Magistrate Judge's order regarding the scheduling order.

Turning to Mr. Plourde's motion for leave to file motion to compel or a discovery conference, the Magistrate Judge ruled that Mr. Plourde should not be exempt from the District of Maine's Local Rule requirement that before seeking judicial review of a discovery dispute, the parties must confer in a good faith effort to resolve the dispute. *Order* at 4. Mr. Plourde feels he is at a disadvantage in dealing directly with Attorney Costlow, but as the Magistrate Judge noted, the parties may communicate their discovery disputes in writing. *Id.* In his objection, Mr. Plourde says that it is "not true" that he and Attorney Costlow have not communicated, and he complains that the Magistrate Judge has required him to do "a lot of extra work and time." *Pl.'s Obj.* at 8. There is nothing clearly erroneous or contrary to law regarding the Magistrate Judge's denial of Mr. Plourde's motion to compel discovery conference,

and the Court suggests that Mr. Plourde simply comply with the Magistrate Judge's order, rather than cause more work for the Defendants and the Court in responding to his objections and the ensuing delay.

Finally, the Court turns to Mr. Plourde's most strongly worded objection to the Magistrate Judge's denial of his request for a protective order to bar the Defendants from taking his deposition. Mr. Plourde worries that Attorney Costlow would badger, harass, intimidate, and abuse him if the deposition were allowed to proceed forward. The Magistrate Judge declined to prohibit the Defendants from taking Mr. Plourde's deposition but scheduled a telephone conference to discuss the arrangements for his deposition. *Order* at 5-6. The Magistrate Judge held a telephone conference with Mr. Plourde and Attorney Costlow on August 19, 2025 and ordered that the deposition occur on September 30, 2025, at the United States District Court in Bangor, Maine at 10:00 a.m. *Procedural Order* at 1.

In his objection, Mr. Plourde says that the Magistrate Judge failed to give proper weight to Attorney Costlow's abusive conduct. *Pl.'s Obj.* at 9-11. In his response, Attorney Costlow denies that he has an "axe to grind" or that he has been abusive, but he acknowledges that he believes Mr. Plourde's case is without merit. *Defs.' Resp.* at 5-6.

The Court readily overrules Mr. Plourde's objection to the Magistrate Judge's order combined with the procedural order. Federal Rule of Civil Procedure 26(c) requires the party moving for protective order to demonstrate "good cause" for limiting discovery. FED. R. CIV. P. 26(c); *Correira v. Marine Tavelift, Inc.*, No. 24-183-

16

JJM, 2025 U.S. Dist. LEXIS 120019, at *6 (D.R.I. June 24, 2025). The First Circuit has said that "[a] finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986). Prohibiting the taking of a deposition is an "extraordinary measure," and "[t]he moving party has a heavy burden of showing extraordinary circumstances based on specific facts that would justify such an order." *Prozina Shipping Co., Ltd. v. Thirty-Four Automobiles*, 179 F.R.D. 41, 48 (D. Mass. 1998) (internal quotation marks omitted). "Protective orders prohibiting depositions are 'rarely granted' and then only if the movant shows a 'particular and compelling need' for such an order." *Correria*, 2025 U.S. Dist. LEXIS 120019, at *6 (quoting *Prozina*, 179 F.R.D. at 48) (internal quotation marks omitted). To make this determination, courts "apply a balancing test, weighing the movant's proffer of harm against the adversary's significant interest in preparing for trial." *Hardy v. UPS Ground Freight, Inc.*, No. 3:17-30162-MGM, 2019 U.S. Dist. LEXIS 242351, at *13-14 (D. Mass. Oct. 7, 2019) (quoting *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001)).

Here, the Magistrate Judge did precisely what the rules and caselaw contemplate. He balanced the Defendants' right to take Mr. Plourde's deposition to prepare for trial against Mr. Plourde's fears that he will be harassed and abused during the deposition, and the Magistrate Judge came up with the eminently practical suggestion that the deposition take place at the United States District Court

and, as Attorney Costlow noted, during the deposition the "Magistrate [Judge will be] available" should any dispute arise. *Defs.' Resp.* at 6.

The Court overrules Mr. Plourde's objection to his deposition being taken by the Defendants' counsel and notes that under the Magistrate Judge's procedural order, the deposition will proceed at 10:00 a.m. on September 30, 2025, at the United States District Court in Bangor, Maine. *Procedural Order* at 1.

## IV.    CONCLUSION

The Court OVERRULES Plaintiff's Objection to Magistrate Nivison's 08/08/25 Recommended Order on Pending Motions (ECF No. 124) (ECF No. 129) and AFFIRMS each of the Magistrate Judge's orders in his Order on Pending Motion (ECF No. 124).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2025